BROOKE KILLIAN KIM (CA Bar No. 239298)
brooke.kim@dlapiper.com
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Tel:   858.677.1400
Fax:  858.977.1401

GREGORY G. SPERLA (CA Bar No. 278062)
greg.sperla@dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94015-2933
Tel:   (415) 836-2500
Fax:  (415) 836-2501

CONNOR M. SCOTT (CA Bar No. 321714)
connor.scott@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067-4735
Telephone:   (310) 595-3000
Facsimile:    (310) 595-3300

Attorneys for Defendants
**L'ORÉAL USA, INC. AND
L'ORÉAL USA PRODUCTS, INC.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON MIRTAHERI, an individual;<br><br>Plaintiff,<br><br>v.<br><br>L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., JOHN PAUL MITCHELL SYSTEMS, GOLDWELL NEW YORK, HENKEL, SCHWARZKOPF, FRAMESI SpA, FRAMKAT L.P. d/b/a Framesi North America, FT PITT FRAMESI, LTD, and JOHN DOE CORPORATIONS 1-100;<br><br>Defendants. | CASE NO. 2:25-cv-04047<br><br>**NOTICE OF DEFENDANTS L'ORÉAL USA, INC. AND L'ORÉAL USA PRODUCTS, INC. OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>[*Filed concurrently with Declaration of Brooke K. Kim*]<br><br>Complaint Filed: 04/28/2025 |

TO THE HONORABLE COURT, ALL PARTIES HEREIN, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441, 1332, and 1446, Defendants L'Oréal USA, Inc. and L'Oréal USA Products, Inc (collectively, "L'Oréal USA" or "Defendants") remove Plaintiff Sharon Mirtaheri's ("Plaintiff") action from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California.

## I. PROCEDURAL HISTORY

1. On April 28, 2025, Plaintiff filed a complaint for damages against Defendants in Los Angeles Superior Court. *See Sharon Mirtaheri v. L'Oréal USA, Inc., A Delaware Corporation Doing Business in California, et al.*, case number 25STCV12312. Declaration of Brooke K. Kim ("Kim Decl."), ¶ 5, Exh. A.

2. Plaintiff's Complaint asserts six causes of action for (1) Strict Liability—Failure to Warn; (2) Strict Liability—Design Defect – Risk-Utility Test; (3) Strict Liability—Design Defect – Consumer Expectations Test; (4) Negligent Failure to Warn; (5) Deceit by Concealment; (6) Violations of California Unfair Competition Law (UCL). *See Id.,* Exh. A.

## II. ALL PROCEDURAL REQUIREMENTS ARE SATISFIED

3. Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. Venue is proper as Plaintiff filed this action in Los Angeles Superior Court, which sits within the jurisdiction of the United States District Court for the Central District of California.

5. L'Oréal USA's removal is timely under 28 U.S.C. § 1446(b)(1) because L'Oréal USA has not been properly served with the Complaint. Thus,

L'Oréal USA's time to remove this case has not expired. Kim Decl., ¶ 4.

6. On information and belief, no other Defendant in this action has been served to date. It is the longstanding rule in the Ninth Circuit that defendants named but not yet served in the state court action need not join in a notice of removal. *See, e.g., Cmty. Bldg. Co. v. Maryland Cas. Co.*, 8 F.2d 678, 679 (9th Cir. 1925) ("defendants over whom the court has not acquired jurisdiction may be disregarded in removal proceedings"); *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) ("Because none of the non-joining defendants was properly served, their absence from the removal notice did not render the removal defective.").

7. There has been no process, pleadings, or orders properly served upon L'Oréal USA in this action. 28 U.S.C. § 1446(a). However, L'Oréal USA concurrently files herewith true and correct copies of all process, pleadings, and orders found on the docket of the Los Angeles Superior Court for this matter. Kim Decl., Exhs. A-D.

8. Pursuant to 28 U.S.C. § 1446(d), L'Oréal USA shall serve written notice of this removal to Plaintiff and file the notice with the Clerk of the Los Angeles Superior Court.

## III. DIVERSITY JURISDICTION

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) on the grounds that there is complete diversity citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### A. There Is Complete Diversity of Citizenship

#### 1. Plaintiff's Citizenship

10. Plaintiff is a citizen of Virginia. *See* Kim Decl., Exh. A (Compl. at ¶ 1).

#### 2. Defendants' Citizenships

11. For the purposes of diversity, a corporation is deemed to be a citizen of

the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

12. L'Oréal USA, Inc., is incorporated in Delaware and maintains a principal place of business in New York, New York. Kim Decl. ¶ 9, Exh. A (Compl. at ¶ 3-4).

13. L'Oréal USA Products, Inc., maintains a principal place of business in New York, New York. Kim Decl. ¶ 9, Exh. A (Compl. at ¶ 6). L'Oréal USA Products, Inc. is incorporated in Delaware. Kim Decl. ¶ 9.

14. Thus, for diversity purposes, L'Oréal USA, Inc. and L'Oréal USA Products, Inc. are citizens of Delaware and New York and are completely diverse from Plaintiff.

15. The erroneously named Goldwell New York is not a separate entity, but a brand name under Sally Beauty Holdings, Inc. Sally Beauty Holdings Inc. is incorporated in Delaware and maintains a principal place of business in Texas. Thus, for diversity purposes the erroneously named Goldwell New York is a citizen of Delaware and Texas and completely diverse from Plaintiff.

16. The erroneously named Schwarzkopf is not a separate entity, but a brand name under Henkel Corporation. Henkel Corporation is incorporated in Delaware and maintains a principal place of business in Connecticut. Thus, for diversity purposes the erroneously named Schwarzkopf, and Henkel, are citizens of Delaware and Connecticut and completely diverse from Plaintiff.

17. FT Pitt Framesi, Ltd. is incorporated in Pennsylvania and maintains a principal place of business in Pennsylvania. Thus, for diversity purposes FT Pitt Framesi, Ltd. is a citizen of Pennsylvania and completely diverse from Plaintiff.

18. For diversity purposes, a limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F. 3d 894, 899 (9th Cir. 2006).

19. Framesi SpA is an Italian corporation and maintains a principal place

of business in Italy. Framkat L.P. d/b/a Framesi North America is a subsidiary of Framesi SpA. Framkat L.P. is incorporated in Pennsylvania and maintains a principal place of business in Pennsylvania. The general partner of Framkat L.P. is Denkat Inc., which is incorporated in Pennsylvania and maintains a principal place of business in Pennsylvania, and is therefore completely diverse from Plaintiff.

20. John Paul Mitchell Systems is incorporated in California and has a principal place of business in California. Thus, for diversity purposes, John Paul Mitchell Systems is a citizen of California and is completely diverse from Plaintiff.

21. As of the time of filing this Notice of Removal, John Paul Mitchell Systems has not been properly joined and served with Plaintiff's Complaint.

22. Although John Paul Mitchell Systems is a citizen of California, its citizenship does not make removal improper under either 28 U.S.C. §§ 1332(a)(1) or 1441(b)(2) because John Paul Mitchell Systems has not been properly joined and served. *Zirkin v. Shandy Media, Inc.*, 2019 WL 626138, at *2 (C.D. Cal. Feb. 14, 2019), citing *Monfort v. Adomani*, 2019 WL 131842, at *3 (N.D. Cal. Jan. 8, 2019) ("the Forum Defendant Rule does not bar an in-state defendant from removing an action before the defendant is served"); *Country Cas. Ins. Co. v. Hyundai Motor Am.*, 2025 WL 242194, at *2 (C.D. Cal. Jan. 16, 2025) ("[T]he plain text of § 1441(b)(2) does not create a bar to removal unless the forum defendant has been "properly joined and served."); *Casola v. Dexcom, Inc.*, 98 F.4th 947, 964 n.17 (9th Cir. 2024) ("Three sister circuits have held that § 1441(b)(2), by its plain text, permits snap removals…"). Plaintiff's complaint was endorsed as officially filed by the clerk of Los Angeles Superior Court on April 28, 2025 at 7:45 AM. Kim Decl., Exh. A (Compl. at pg. 1).

### 3. Doe Defendants are Disregarded for Diversity Purposes

23. Any potential "Doe" defendants are disregarded for the purposes of diversity. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

24. Further, Plaintiff does not make any specific allegations against any

potential "Doe" defendants. *See* complaint generally.

### 4. Complete Diversity Exists

25. The diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied given that Plaintiff is a citizen of Virginia, no Defendant is a citizen of Virginia, and the citizenship of potential Doe Defendants are irrelevant.

### B. The Amount in Controversy Exceeds $75,000

26. Plaintiff claims damages in excess of the $75,000 threshold in 28 U.S.C. § 1332(a).[1]

27. "[T]he notice of removal may assert the amount in controversy if the initial pleading seeks: (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded[.]" 28 U.S.C. § 1446(c)(2)(A).

28. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

29. Removal is proper where the "district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. 28 U.S.C. § 1446(c)(2)(B). "Under [the preponderance of the evidence] burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This "burden is not daunting, as courts recognize that under this standard, a removing

---

[1] L'Oréal USA acknowledges only that the amount Plaintiff puts in controversy in her complaint exceeds $75,000, but neither admits nor concedes the truth of any of Plaintiff's allegations or that Plaintiff is entitled to relief in that amount or any amount whatsoever. L'Oréal USA expressly deny all of Plaintiff's allegations, contentions, causes of actions, claims, and damages, and reserve all defenses and rights. *See Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (to establish the jurisdictional amount, a removing defendant need not concede liability for that amount).

1  defendant is not obligated to research, state, and prove the plaintiffs' claims for
2  damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D.
3  Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372
4  F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of fact's
5  eventual award with one hundred percent accuracy").

6      30. In measuring the amount in controversy, a court must assume that the
7  allegations of the complaint are true and that a jury will return a verdict for the
8  plaintiff on all claims made in the complaint. *Kenneth Rothschild Tr. v. Morgan
9  Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) citing *Burns v.
10 Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (The "amount in controversy
11 analysis presumes that 'plaintiff prevails on liability' "). Put differently, "[t]he
12 amount in controversy is simply an estimate of the total amount in dispute, not a
13 prospective assessment of [the defendant's] liability." *Lewis v. Verizon Commc'ns,
14 Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

15     31. Economic damages, non-economic damages, general damages,
16 attorneys' fees, punitive damages, and injunctive relief are all included in
17 determining the amount in controversy. *See Anthony v. Sec. Pac. Fin. Servs., Inc.*,
18 75 F.3d 311, 315 (7th Cir. 1996) (Prayer for actual and punitive damages included
19 in determining amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d
20 1150, 1155-56 (9th Cir. 1998) (Prayer for attorneys' fees included in determining
21 the amount in controversy where potentially recoverable by statute).

22     32. In her complaint, Plaintiff prays for "[p]ast and future" "general
23 damages," "economic and special damages," "medical expenses," and "pain and
24 suffering" for her alleged diagnosis of bladder cancer. *See* Kim Decl., Exh. A
25 (Compl. at pg. 34). Plaintiff also seeks "Attorney's fees" and "Punitive or
26 exemplary damages." *Id*.

27     33. Courts have found that the amount in controversy requirement is
28 satisfied when a complaint alleges serious bodily injuries. *Fjelstad v. Vitamin*

*Shoppe Indus. LLC*, 2021 WL 364638, at *4 (C.D. Cal. Feb. 3, 2021) ("in cases alleging 'severe injuries, especially those requiring surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied' despite the plaintiffs' failure to plead a dollar amount.") (citations omitted). Here, Plaintiff alleges that they developed cancers and incurred substantial medical expenses, as well as pain and suffering.

34. Therefore, it is apparent from the face of the Complaint that the alleged injuries result in an amount in controversy exceeding $75,000.

## IV. RESERVATION OF DEFENSES AND RIGHTS

35. By removing this action from the Los Angeles Superior Court, L'Oréal USA neither admits any of the allegations in Plaintiff's complaint nor waives any defenses or rights.

36. By removing this case to federal court, Defendants do not consent to personal jurisdiction, do not concede that this Court is a convenient forum, and do not waive any of their defenses or objections under Federal Rule of Civil Procedure 12(b), or otherwise. *See, e.g., Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015) ("A defendant's election to remove a case to federal court does not waive a personal jurisdiction defense.").

## V. CONCLUSION

37. Removal is proper given that all requirements for removal under 28 U.S.C. § 1332(a) have been met; there is complete diversity citizenship between the parties; and the amount in controversy exceeds $75,000.

38. L'Oréal USA respectfully requests that these proceedings be removed to this Court.

/ / /

/ / /

| | |
|---|---|
| Dated: May 6, 2025 | DLA PIPER LLP (US) |
| | By: /s/ Brooke Kim |
| | BROOKE KILLIAN KIM<br>GREGORY G. SPERLA<br>CONNOR M. SCOTT |
| | Attorneys for Defendants<br>L'Oreal USA, Inc. and<br>L'Oreal USA Products, Inc. |